FILED
AFTER HOURS DROP BOX

2001 OCT -1  PM 5: 01

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAN H. COURTNEY, individually,
et al.

    Plaintiffs,

vs.                                      CASE NO. 2:00-cv-178-FtM-29D

SHELL OIL COMPANY, a
Delaware corporation,

    Defendant.
_____/

## PLAINTIFFS' MOTION IN OPPOSITION TO THE DEFENDANT'S MOTION TO BIFURCATE TRIAL

      COME NOW the Plaintiffs, DAN H. COURTNEY, individually, et al., by and through their undersigned attorneys and hereby opposes any motion by the Defendant, SHELL OIL COMPANY, to bifurcate the trial in this action and would hereby move this Honorable Court to Deny Defendant's Motion to Bifurcate the Trial and as grounds would state as follows:

      1.    Pursuant to Rule 42(a) actions involving common questions of law or fact the Court may order all actions consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

      2.    In a diversity action such as this, state substantive law controls the issues, however, Federal Rules of Civil Procedure controls the procedure of the case. In addition, both parties have previously stipulated that the Federal Rules of Civil Procedure and the

Federal Rules of Evidence will control in this diversity action.

3. The Plaintiffs have plead a five-count complaint as follows: Count I - Breach of Lease Agreement, Count II - Continuing Trespass, Count III - Nuisance, Count IV - Violation of § 376.313(3) Florida Statutes and Count V - Violation of § 376.313(4) Florida Statues. Plaintiffs have plead punitive damages in support of each and every count.

4. When Defendant moved this cause of action to Federal Court on the issue of diversity, Plaintiffs amended their original complaint to include punitive damages in the pleadings filed with this Court pursuant to the Federal Rules of Civil Procedure which allows punitive damages to be plead in the original complaint. See *Hanna v. Plumer*, 380 U.S. 460 (S. Ct. U.S. 1965).

5. The facts and issues in this case as it relates to liability and punitive damages are so intertwined it would be difficult if not impossible to separate the issues at trial.

6. Due to overlapping of the evidence to prove liability and punitive damages in this action it would not significantly prejudice the Defendant to try the issues together.

7. It would certainly serve the interest of judicial economy to not bifurcate this action and to try all issues in one proceeding.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 42(a) allows common issues of law or fact to be consolidated for trial when pending before the Court. In the cause of action before this Honorable Court the issues of liability specifically Defendant's negligence, gross negligence and intentional acts that gave rise to this action and Plaintiff's claims for punitive damages

2

are so intertwined that consolidation of the liability portion and the punitive damages portion would be the most efficient and non-prejudicial way for this action to be tried. Albeit, in a diversity action such as the case at bar, Florida's substantive law applies to the legal issues and Federal Procedural rules would dictate the course of the trial.

Although it is proper in Florida procedure to bifurcate the issue of punitive damages from the liability portion of the trial, it is well settled that in federal proceedings including diversity actions that it is in the sole discretion of the trial court whether to bifurcate the issue of liability from punitive damages. *McLaughlin v. State Farm Mutual Automobile Insurance Company*, 30 F. 3rd 861 (7th Cir. Ct. App. 1994). The rule of law mandating that federal procedural rules apply when there is a conflict with the state statute dates back as far as 1938, in *Erie Railroad Company v. Thompkins*, 304 U.S. 64, 58 S. Ct. 817, (S. Ct. 1938), when the court established the Erie Doctrine. The Erie Doctrine has continued to be applied in some form to date. In *Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136 (S. Ct. 1965), the Court held that Federal Rules of Civil Procedure, in this case, Rule 4(d)(1) dealing with service of process would be controlling, in spite of the conflict the federal rule had with the Massachusetts statute of in hand service of process, and thus the federal rule would control in this diversity action. *Hanna at 1136*.

In a recent case in the Middle District of Florida the Court held, that Florida Statutes which establish pleading requirements for punitive damage claims under which plaintiff may not make a demand for punitive damages in the initial complaint is in direct conflict with the provision of the Federal Rules of Civil Procedure which allows a pleading to contain a

3

demand for judgment and that special damages be specifically stated, and thus under the Erie Doctrine, the federal pleading rule rather than Florida Statute governs claims brought under Florida law in federal court, regardless of whether the jurisdiction is based on diversity or is pendent and ancillary. *Vacation Break U.S.A., Inc. v. Marketing Response Group and Leisure Company, Inc.*, 189 F. R. D. 474, (M.D. Fla. 1999); Fed. R. Civ. P. 8(a) and 9(g). *See also, Tutor Time Child Care Systems, Inc. v. Franks Inv. Group, Inc.*, 966 F. Supp. 1188, (S.D. Fla 1997).

In *Cohen v. Office Depot, Inc.*, 184 Fed. 3rd 1292, (11th Cir. Ct. App. 1999), the Court held that the Florida Statute requiring leave of court to include prayer for punitive damages conflicted with the federal procedural rule and so did not apply in federal diversity action. In its holding the *Cohen* court stated the proper question to ask is not whether the state law provision is procedural or substantive in nature, instead the court must ask whether the state law provision conflicts with the federal procedural rule. If it does, the federal procedural rule applies and the state provision does not. Stated another way, if the state statute conflicts with a federal procedural rule, then the state law is procedural for *Erie/Hannah* purposes regardless of how it may be characterized for other purposes. *Cohen* at 1296. In the case at bar it is clear that the issue of whether to bifurcate or not to bifurcate this cause of action is procedural in nature, therefore the Federal Rules of Civil Procedure should apply which does not mandate bifurcation of trials. [1]

---

[1] Although *Cohen v. Office Depot, Inc.* is vacated in part in that the plaintiff failed to have the requisite amount to require diversity jurisdiction not for the rule of law that is stated in this

4

The Plaintiffs would concede that the Defendant is correct that under Federal Rules of Civil Procedure 42(b), a district court may order a separate trial of any separate issue in furtherance of convenience or to avoid prejudice. It is well established that the denial of a motion for a bifurcated trial should be set aside only upon a clear showing of abuse of discretion. *McLaughlin v. State Farm Automobile Insurance,* 30 F. 3rd 861, 870, (7th Cir. Ct. App. 1994). The *McLaughlin* Court held, that although there is some possible risk of prejudice in the simultaneous presentation of a contract claim and a punitive damage claim arising from an insurer's decision to raise an arson defense on the contract claim, the risk of such prejudice in this case is slight . . . In *McLaughlin,* the court explained that even if the jury determines that the insurer committed a tortious breach of its duty to exercise good faith the right of the insured to punitive damages is not automatic. Punitive damages may be awarded only if there is clear and convincing evidence that the insured acted with malice, fraud, gross negligence, or reckless disregard which was not the result of mistake of fact or law. In fact, in *McLaughlin,* the jury found that the evidence was insufficient to support a claim for punitive damages, albeit the punitive damage claim was tried contemporaneously with the tortious breach of contract claim. *Id. at 869.*

The *McLaughlin* Court went on to say, that when there was an overlap in the evidence that relates to the compensatory claim and the punitive claim that it is proper not to bifurcate the two claims. The court held that, "any case where there is overlapping

---

memorandum. *Cohen v. Office Depot, Inc.* 204 F. 3rd 1069, (11th Cir. 2000).

5

evidence that it would not improve the management of the trial to bifurcate and that any slight advantage that might accrue to the defendant would be outweighed by the added problems of attempting to sort out the evidence. It is not like a personal injury case in which if you bifurcate issues of liability and damages the evidence could be packaged neatly for each phase of the trial." The trial judge explained that since the evidence usually overlaps substantially, the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence standard required for the award of punitive damages. *Id. at 870.* This is not unlike the case at issue in which the five counts plaintiffs have plead against the Defendant and the punitive damage component of said counts are so naturally intertwined in that it would actually serve the interest of judicial economy to try both the liablility and damage issues together.

In *Equal Employment Opportunity Commission v. HBE Corporation,* 135 F. 3rd 543, (8th Cir. Ct. Ap. 1997), an employment discrimination case alleging Title VII violations and the Missouri Human Rights Act, in which the punitive counts claims were intertwined with the liability contentions, the court held that consolidation of these claims were proper and that consolidation should be upheld unless there has been a clear abuse of discretion. Holding that all claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary costs or delay pursuant to Federal Rule of Civil Procedure 42(a). *Id.* In *EEOC* the defense argued that the Missouri Human Rights Act "MHRA" under Missouri State Law could not be tried to a jury under state law and therefore should

6

not have been tried to a jury under federal law. The *EEOC* court held that the availability of a jury trial is a question of federal law even when state claims are being tried and therefore a jury trial is available in federal court in spite of the conflict of the state law. *Id. at 551.* ( *See also, Thorne v. Welk Investment, Inc.,* 197 F. 3rd 1205 (8th Cir. 1999) in which the court held that the decision of whether to isolate the punitive damages phase of the trial is within the sound discretion of the trial court. We can discern no abuse of that discretion in the record before us.)

In conclusion due to the facts of this case as it applies to the relevant case law on the issue of bifurcation of issues, the Plaintiffs would hereby respectfully request this Court to deny the Defendant's motion to bifurcate the punitive damage claims from the underlying claims.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by regular United States mail to Karl J. Brandes, Esquire, HOLLAND & KNIGHT, LLP, Post Office Box 1288, Tampa, Florida 33601 and on this 1st day of October, 2001.

_____
Thomas M. Dougherty
FBN 0008354
GERAGHTY, DOUGHERTY & EDWARDS
Post Office Box 1605
Fort Myers, Florida 33902
941/334-9500 Telephone
941/334-8930 Facsimile